Ruffin, C. J.
 

 In our opinion this joint action cannot be maintained; and, as that point is decisive of the plaintiff’s case, we shall confine our observations to it. If the plaintiff had brought trespass, he might have maintained it' on the joint taking of the defendants, or by their taking severally what each claimed, both being present and each giving countenance and aid to the other. But the gist of the action of detinue is not the original taking, but the wrongful de-tainer. 3 Black. Com. 152. It is founded on the possession of the defendant at the time of the action brought; and that notion has been carried so far, that, where there were several executors and one only had the possession, it was held that the action must be brought against him alone. Bul. N. P. 51. We neéd not say whether that would now be held or not; for, possibly, in that case the possession by one executor, might be deemed the possession of both, if they themselves so regarded it; that is, if the one, with whom the actual possession was not, was still considered as having a control over, and power of, disposition of the chattel. But the passage is quoted for the purpose of shewing the nature of the action, and the acts of the defendant ne
 
 *416
 
 cessary to its support. Now, in this case it is clear, that, though both oí the defendants were present at the taking, and might have had the purpose of assisting each other, yet they, respectively, took possession of different slaves, each for himself, upon distinct and several claims of title; and they have so held them ever since. There was, at no moment, any thing like a joint possession, or claim or pretence of such possession. Indeed the plaiutiff himself made his demands of the defendants severally, for the negroes in his possession; thus admitting the possession to be exclusive, and the detainer several. In such a case it would be clearly wrong to make one defendant liable for the value of the chattels held by the other and which the former would have no power to surrender in discharge of the recovery; or liable for profits made exclusively by the other.
 

 The counsel, however, relied on the case of
 
 Jones v Green,
 
 4 Dev. & Bat. 354, and that of
 
 Garth
 
 v
 
 Howard, 5
 
 Car. & P. 346, as authorities in favor of the action. Neither of them seems to us to warrant the position. In the case in this court, the reasoning goes altogether upon the circumstances, which shewed that the possession, alleged to be in Lane, was in law and truth in Creen; and that the latter had, in fact, the entire control of the negro, notwithstanding the pretence to the contrary. But, here, there is nothing to base such an hypothesis on.
 
 Garth
 
 v
 
 Howard
 
 proceeded on something of the same principle. The rule established in it is, merely, that if one pledge a chattel belonging to another, the owner may maintain detinue against both the pledger and the pawn-broker; upon the ground of the personal possession by the latter, and of the potential possession and dominion of the former. That is carrying the doctrine as far as it will bear, but certainly, if received in its full extent, will not give color to an action against two, where each took distinct chattels upon several claims of title and has constantly had a separate
 
 possession, without
 
 any
 
 centrol
 
 assumed by one over the property held by the other.
 

 Per Curiam, New trial awarded.